**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AJONG LEONEL NZUH,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 20-72955<br><br>Agency No. A213-315-457<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022[**]
Portland, Oregon

Before:  CHRISTEN and SUNG, Circuit Judges, and RAYES,[***] District Judge.

Petitioner Ajong Nzuh, a native and citizen of Cameroon, seeks review of

the Board of Immigration Appeals' ("BIA") decision affirming the immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition. Because the parties are familiar with the facts of this case, we need not recite them here.

Substantial evidence supports the agency's adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-42 (9th Cir. 2010) (stating standard of review). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019).

Several events informed the agency's adverse credibility determination. For example, during his credible fear interview, an asylum officer asked petitioner whether any group besides the military had ever "physically harmed" him. Petitioner responded, "No but the armed separatists kidnapped me and took me to the forest," and "[m]y hands, legs, and eyes were tied." During his merits hearing, petitioner testified that he was harmed by an Anglophone separatist group ("the separatists"). Petitioner testified that the separatists dragged him into a bush, pushed him, slapped him, and he suffered a nosebleed. Petitioner was asked why he had earlier stated that he had not been harmed by the separatists. The IJ

2

considered petitioner's explanations but rejected them, noting that petitioner gave a detailed statement to the asylum officer that addressed other experiences of harm. The IJ also noted that the questions regarding whether petitioner was harmed were similarly worded yet elicited different responses.

As another example, petitioner stated in his credible fear interview the separatists kidnapped him on March 23, held him for one day, and that the military re-arrested him one day after that. But at the hearing, he testified that the separatists kidnapped him on February 23 and that almost a month passed between the time he was detained by the separatists and his re-arrest by the military. Also, petitioner insisted that he told the interviewer the February 23 date rather than the March 23 date. The interview statement, which petitioner reviewed and confirmed was accurate, clearly states March 23. Thus, petitioner's statements were inconsistent, and petitioner does not address this inconsistency on appeal.

The above events relate to whether petitioner was persecuted for his political views and activities and constitute substantial evidence supporting the agency's adverse credibility determination. *See Shrestha*, 590 F.3d at 1046-47 ("Although inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight."). On appeal, petitioner contends that his testimony was merely more detailed than, not

inconsistent with, his credible fear interview, and that the ALJ did not consider the explanation he did provide. The agency properly considered the inconsistencies in light of "the totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner has failed to show that the record compels us to reach a contrary conclusion. *See Don v. Gonzales*, 476 F.3d 738, 745 (9th Cir. 2007).

In light of the agency's adverse credibility determination, petitioner failed to meet his burden of establishing eligibility for asylum and withholding of removal. *See Shrestha*, 590 F.3d at 1048-49.[1]

**PETITION DENIED.**

---

[1] Nzuh failed to sufficiently challenge the denial of relief under CAT. *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n.4 (9th Cir. 2010) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").